Case No. 23-16031

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**AURORA REGINO,**
*Plaintiff — Appellant,*

v.

**KELLY STALEY, Superintendent,**
*Defendant — Appellee*

and

**CAITLIN DALBY, REBECCA KONKIN, TOM LANDO, EILEEN ROBINSON, and MATT TENNIS**
*Defendants-Appellees*

On Appeal from the United States District Court
for the Eastern District of California
District Court No. 2:23-CV-00032-JAM-DMC
The Honorable John A. Mendez

**AMICUS CURIAE BRIEF OF
CALIFORNIA DEPARTMENT OF EDUCATION**

**IN SUPPORT OF AFFIRMANCE**

**All Parties Have Consented to This Filing.  FRAP 29(a).**

LEN GARFINKEL, State Bar No. 114815
General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone:  916-319-0860
Facsimile**:**  916-322-2549
*Counsel for Amicus Curiae*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES ............................................................................... ii

I. INTEREST OF AMICUS CURIAE ............................................................... 1

II. ARGUMENT ................................................................................................ 2

    A. The District Court Correctly Found That Parents Do Not Have A Substantive Due Process Right To Be Informed Of Their Students' Change Of Gender Identity At School ....................................................... 2

    B. The District Court Correctly Found That Chico's Policy Survives Rational Basis Review ............................................................................ 6

        1. Legitimate government purpose ........................................................ 6

        2. Rational relationship ......................................................................... 9

III. CONCLUSION ............................................................................................ 9

CERTIFICATE OF COMPLIANCE ................................................................. 10

CERTIFICATE OF SERVICE .......................................................................... 11

# TABLE OF AUTHORITIES

**Federal Cases**

*Bates v. Pakseresht*,
  2023 WL 7546002 (D. Or.) ...................................................................................8

*Bostock v. Clayton County*,
  140 S. Ct. 1731 (2020) ........................................................................................7

*C.N. v. Wolf*,
  410 F. Supp. 2d 894 (C.D. Cal. 2005) ................................................................7

*Doe v. Boyertown Area Sch. Dist.*,
  897 F.3d at 529 ...................................................................................................6

*Doe v. Boyertown Area School District*,
  276 F. Supp. 3d 324 (E.D. Penn. 2017), *aff'd*, 897 F.3d 518 (3d Cir
  2018), *cert. denied*, 139 S. Ct. 2636 (2019) .....................................................4

*Fields v. Palmdale School District*,
  427 F.3d 1197 (9th Cir. 2005), *opinion affirmed and amended in
  part on denial of rehearing*, 447 F.3d 1187 (9th Cir. 2006), *cert.
  denied*, 127 S. Ct. 725 (2006) .............................................................................3

*Foote v. Town of Ludlow*,
  2022 WL 18356421 (D. Mass.) .......................................................................4, 5

*Globe Newspaper Co. v. Superior Court of Norfolk County*,
  457 U.S. 596 (1982) ............................................................................................6

*Grabowski v. Arizona Board of Regents*,
  69 F.4th 1110 (9th Cir. 2023) .............................................................................7

*Grimm v. Gloucester County School Board*,
  972 F.3d 586 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2878 (2021) ..................4

*Kadrmas v. Dickinson Public Schools*,
  487 U.S. 450 (1988) ............................................................................................6

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ............................................................................4

*Meyer v. Nebraska*,
 262 U.S. 390 (1923) ................................................................................... 3

*National Institute of Family and Life Advocates v. Becerra*,
 138 S. Ct. 2361 (2018) ................................................................................ 6

*Nguon v. Wolf*,
 517 F. Supp. 2d 1177 (C. D. Cal. 2006) ..................................................... 7

*Parents for Privacy v. Barr*,
 949 F.3d 1210 (9th Cir. 2020) .................................................................... 3

*Parham v. JR*,
 442 U.S. 584 (1979) ................................................................................... 4

*Pierce v. Society of Sisters*,
 268 U.S. 510 (1925) ................................................................................... 3

*Prince v. Massachusetts*,
 321 U.S. 158 (1944) ................................................................................... 5

*Regino v. Staley*,
 2023 WL 4464845 (E.D. Cal.) ........................................................... 3, 5, 6

*Tingley v. Ferguson*,
 47 F.4th 1055 (9th Cir. 2022), *cert. denied*, 2023 WL 8531854
 (2023) .......................................................................................................... 6

*Troxel v. Glanville*,
 530 U.S. 57 (2000) ..................................................................................... 3

*U.S. Dept. of J. v. Reporters Com. for Freedom of Press*,
 489 U.S. 749 (1989) ................................................................................... 7

*Washington v. Glucksberg*,
 521 U.S. 702 (1997) ................................................................................ 5, 6

## California Statutes

Educ. Code
  § 200 ............................................................................................................. 1
  § 201(a) ........................................................................................................ 1
  § 201(b) ........................................................................................................ 1
  § 215(a)(3)(D) .............................................................................................. 1
  § 218(c)(1)(I) ............................................................................................... 1
  § 218.3(B) .................................................................................................... 1
  § 218.3(b)(3)(A) .......................................................................................... 1
  § 218.3(G) ................................................................................................... 1
  § 219(c)(1) ................................................................................................... 1
  § 220 ........................................................................................................ 1, 7
  § 234.1(a) .................................................................................................... 2
  § 33300 et seq. ............................................................................................ 1

## Law Review Articles

*Challenges Facing LGBTQ Youth*,
  24 Geo. Journal of Gender and Law 417, 434 (2023) .................................. 8

*Protecting Transgender Youth after Bostock: Sex Classifications, Sex Stereotypes, and the Future of Equal Protection*,
  132 Yale L.J. 1149, 1190-1196 (2023) ....................................................... 4

## Constitutional Provisions

Fourteenth Amendment ...................................................................................... 3

California Constitution, Article I, § 1 ................................................................ 7

## Other Authorities

Assembly Bill 5 .................................................................................................. 1

Federal Rule of Appellate Procedure 29(a)(2) ................................................... 2

Senate Bill 857 ................................................................................................... 1

## I. INTEREST OF AMICUS CURIAE

Amicus curiae the California Department of Education (CDE) is the state department of education as described in California Education Code Section 33300 et seq., with the responsibilities and authority set forth therein.

California law emphasizes the rights of LGBTQ students and also provides certain roles for the CDE and the State Superintendent of Public Instruction (SSPI) in supporting them. Cal. Educ. Code § 200 (schools must provide all students with equal rights regardless of gender identity); Cal. Educ. Code § 201(a) (all students have the right to participate fully and be free from discrimination); Cal. Educ. Code § 201(b) (schools must combat sexism); Cal. Educ. Code § 215(a)(3)(D) (local educational agencies, known as LEAs, must adopt policies on suicide prevention that specifically address the needs of LGBTQ students); Cal. Educ. Code § 218(c)(1)(I) (CDE must provide resources to support LGBTQ students including policies to protect privacy); Cal. Educ. Code § 218.3(b)(3)(A), (B), (G) (Per Assembly Bill 5 passed in 2023, CDE must develop an online training for staff about LGBTQ students, including creating safe and supportive learning environments, identifying students subject to or at risk of lack of acceptance at home, and protecting privacy); Cal. Educ. Code § 219(c)(1) (Per Senate Bill 857 passed in 2023, the SSPI shall convene an advisory task force to identify needs of LGBTQ students and make recommendations to address their well-being including

their mental health and feelings of safety and support); Cal. Educ. Code § 220 (students are protected from discrimination based on gender identity); Cal. Educ. Code § 234.1(a) (LEAs must adopt policies that prohibit discrimination based on gender identity).

Consistent with its role, amicus curiae submits this brief that supports LGBTQ students' rights and addresses the lack of a fundamental parental right to know of a student's change of gender identity at school.

All parties have consented to the filing of this amicus brief pursuant to Federal Rule of Appellate Procedure 29(a)(2).

This brief was not authored in whole or in part by any party's counsel. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief. No person other than amicus curiae, its members, or its counsel contributed money that was intended to fund preparing or submitting the brief.

Amicus curiae the CDE joins defendants-appellees in supporting affirmance of the District Court's decision.

## II. ARGUMENT

### A. The District Court Correctly Found That Parents Do Not Have A Substantive Due Process Right To Be Informed Of Their Students' Change Of Gender Identity At School

The District Court correctly found that parents do not have a constitutional right to be informed of their child's transgender identity (or to give consent before

2

a school may refer to a transgender child by their preferred name or pronouns). *Regino v. Staley*, 2023 WL 4464845 at *3 (E.D. Cal.). Parents *do* have a fundamental right to choose their child's educational forum. *Meyer v. Nebraska*, 262 U.S. 390 (1923); *Pierce v. Society of Sisters*, 268 U.S. 510 (1925). But having chosen an educational forum, parents do not have a fundamental right to dictate matters such as curriculum or school policies. *Fields v. Palmdale School District*, 427 F.3d 1197, 1200 (9th Cir. 2005), *opinion affirmed and amended in part on denial of rehearing*, 447 F.3d 1187 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 725 (2006). As the Ninth Circuit explained in *Fields*:

> Schools cannot be expected to accommodate the personal, moral or religious concerns of every parent. Such an obligation would not only contravene the educational mission of the public schools, but also would be impossible to satisfy. *Fields*, 427 F.3d at 1206.

While the Supreme Court did state in *Troxel v. Glanville*, 530 U.S. 57, 65 (2000) that parents have a fundamental right to direct their child's care, custody or control, the Ninth Circuit has emphasized that *Troxel* did not establish a parent's right to dictate the actions or inactions of a public school system. See *Parents for Privacy v. Barr*, 949 F.3d 1210, 1230 (9th Cir. 2020) (*Troxel* "did not address the extent of parents' rights to direct the policies of the public schools that their children attend."). As the court stated in *Parents for Privacy*, *"*Plaintiffs fail to cite any Supreme Court authority showing that parents' substantive due process rights

3

under the Fourteenth Amendment encompass a right to direct the curriculum, administration or policies of public schools." *Id.* at 1232.

Nor do parents have a fundamental right to disclosure of their students' gender identity on the grounds that referring to a student by their chosen name and pronouns is "medical care." Parents *do* have specific rights with respect to directing their children's medical care. *Parham v. JR*, 442 U.S. 584, 603 (1979). And *some* transgender individuals can experience gender dysphoria, i.e., emotional distress related to not being able to express their true gender identity. *Grimm v. Gloucester County School Board*, 972 F.3d 586, 612 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2878 (2021); *Karnoski v. Trump*, 926 F.3d 1180, 1187 n. 1 (9th Cir. 2019) ("In *some* instances, the discordance between one's gender identity and birth-assigned sex can be associated with clinically significant distress, known as gender dysphoria") (emphasis supplied). However, importantly, being transgender itself is not a medical or psychiatric condition. *Grimm,* 972 F.3d at 594, 612-613; *Doe v. Boyertown Area School District*, 276 F. Supp. 3d 324, 367 (E.D. Penn. 2017), *aff'd*, 897 F.3d 518 (3d Cir 2018), *cert. denied*, 139 S. Ct. 2636 (2019). *Foote v. Town of Ludlow*, 2022 WL 18356421 at *5 (D. Mass.). Transgender students are entitled to protection from harmful stereotyping that they are confused, or that they are mistaken, or that their status is temporary. *Protecting*

4

*Transgender Youth after Bostock: Sex Classifications, Sex Stereotypes, and the Future of Equal Protection*, 132 Yale L.J. 1149, 1190-1196 (2023).

Plaintiff-Appellants would require the court to establish a new fundamental constitutional right for a parent to be informed of a student's change in gender identity at school. However, courts must proceed with utmost care when considering establishing new substantive due process rights. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parental rights are not absolute or unlimited. *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944).

The District Court correctly rejected as conclusory the allegation that permitting social transitioning at school constitutes medical treatment. *Regino v. Staley*, 2023 WL 4464845 at *3. As the court stated in *Foote*:

> Addressing a person using their preferred name and pronouns simply accords the person the basic level of respect expected in a civilized society generally, and, more specifically, in Massachussetts public schools where discrimination on the basis of gender identity is not permitted . . . This is true regardless of a person's age, provided the individual does not have a fraudulent purpose for using a new preferred name or pronouns. *Foote*, 2022 WL 18356421 at *5.

In summary, this case bears a much closer resemblance to cases involving parent challenges to curriculum and other public school policy decisions than to cases involving "care, custody or control" generally, or medical care specifically. The District Court was correct not to fashion a new substantive due process right.

5

### B. The District Court Correctly Found That Chico's Policy Survives Rational Basis Review

The District Court correctly found that because Chico's nondisclosure policy does not implicate a fundamental right, it is subject to rational basis review, that is, whether it is reasonably related to a legitimate government purpose. *Regino v. Staley,* 2023 WL 4464845 at *4 (E.D. Cal.); *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 458 (1988); *Washington v. Glucksberg*, 521 U.S. 702, 722 (1997).

1. Legitimate government purpose

The District Court correctly found that Chico had identified legitimate government purposes for its nondisclosure policy:

> . . . [T]he Defendant has demonstrated a legitimate state interest in creating a zone of protection for transgender students and those questioning their gender identity from adverse hostile reactions, including, but not limited to, domestic abuse and bullying; this is in line with the Regulation's general purpose to combat discrimination and harassment against students. *Regino,* 2023 WL 4464845 at *4:

States have a strong interest in protecting the lives and health of children within their borders. *Globe Newspaper Co. v. Superior Court of Norfolk County*, 457 U.S. 596, 607 (1982). Protecting the psychological well-being of transgender youth is a legitimate state interest. *Tingley v. Ferguson*, 47 F.4th 1055, 1078 (9th Cir. 2022), *cert. denied*, 2023 WL 8531854 (2023). The gender identity of children who identify as transgender must be honored out of respect for the individual. *Tingley*, 47 F.4th at 1084.

6

A school district has legitimate interests in protecting LGBTQ students' rights to privacy, freedom from discrimination and health and safety as guaranteed by federal and state statutes and constitutional provisions.[1]

As for privacy, a student has a legally protected privacy interest under the California Constitution with respect to information about the student's gender identity. *C.N. v. Wolf*, 410 F. Supp. 2d 894, 903 (C.D. Cal. 2005); see Cal. Const., Art. I, § 1. A student retains a reasonable expectation of privacy in their gender identity with respect to non-disclosure to their parents at home, even if open about their gender identity at school. *Nguon v. Wolf*, 517 F. Supp. 2d 1177, 1191 (C. D. Cal. 2006) ("It does not follow that disclosure in one context necessarily relinquishes the privacy right in all contexts."); *U.S. Dept. of J. v. Reporters Com. for Freedom of Press*, 489 U.S. 749, 770 (1989) (simply because "an event is not wholly 'private' does not mean that an individual has no interest in limiting disclosure or dissemination of the information.")

As for discrimination, federal and state law protects transgender persons from discrimination based on their gender identity. See *Bostock v. Clayton County*, 140 S. Ct. 1731, 1747 (2020) (discrimination based on gender identity is

---

[1] Courts have even described the government's interest in protecting LGBTQ persons from discrimination as compelling. See, e.g., *National Institute of Family and Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018) (government has compelling interest in preventing misgendering of LGBTQ residents in long term care); *Doe v. Boyertown Area Sch. Dist*., 897 F.3d at 529 (school district had compelling interest in protecting transgender students from discrimination).

7

sex discrimination under Title VII); *Grabowski v. Arizona Board of Regents*, 69 F.4th 1110, 1113 (9th Cir. 2023) (discrimination on the basis of gender identity is sex discrimination under Title IX); see also Cal. Educ. Code § 220 (recognizing gender identity and gender expression as protected characteristics for purposes of state anti-discrimination laws).

As for health and safety, coming out is an intensely personal decision. Outing -- revealing a person's gender identity to a third party without the individual's consent -- can be harmful. If transgender students fear that chosen name and pronoun use at school will be revealed to parents without student consent, they may be reluctant to request chosen name and pronoun use at school. A transgender student could hardly feel safe in an environment where expressing their gender identity resulted in the automatic disclosure to parents, regardless of their own wishes or the consequences of the disclosure. Yet it is important for transgender youth to have their gender recognized and validated, as chosen name use is associated with decreased depressive symptoms and suicidal ideation among transgender youth. *Challenges Facing LGBTQ Youth*, 24 Geo. Journal of Gender and Law 417, 434 (2023); see *Bates v. Pakseresht*, 2023 WL 7546002 at *6, n. 3 (D. Or.) (noting that 45% of LGBTQ youth have seriously considered suicide).

2. Rational relationship

The District Court correctly found that Chico's nondisclosure policy bears a rational relationship to these legitimate government purposes of promoting the protection of student rights to privacy, freedom from discrimination, and safety and well-being.

### III.  CONCLUSION

For the reasons stated above, amicus curiae California Department of Education respectfully requests that the Court affirm the District Court's decision.

Dated: January 9, 2024          By: /s/ Len Garfinkel
                                    LEN GARFINKEL
                                    General Counsel
                                    Attorney for Amicus Curiae
                                    California Department of Education

# CERTIFICATE OF COMPLIANCE

## Appellate Case No. 23-16031

I certify that the attached amicus brief is proportionately spaced, has a typeface of 14 points or more, and contains 2,125 words, which is less than one-half the maximum permissible length of the brief it supports (Defendant-Appellees' Responding Brief).

Dated: January 9, 2024  By: /s/ Len Garfinkel
　　　　　　　　　　　　　　　LEN GARFINKEL
　　　　　　　　　　　　　　　General Counsel
　　　　　　　　　　　　　　　Attorney for Amicus Curiae
　　　　　　　　　　　　　　　California Department of Education

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: January 9, 2024          By: /s/ Len Garfinkel
                                              LEN GARFINKEL
                                              General Counsel
                                              Attorney for Amicus Curiae
                                              California Department of Education