LAW OFFICES
# LEONE ALBERTS & DUUS
A PROFESSIONAL CORPORATION
1390 WILLOW PASS ROAD
SUITE 700
CONCORD, CA 94520-7913
(925) 974-8600
(925) 974-8601 FAX

KATHERINE A. ALBERTS
BRIAN A. DUUS
———

MARINA B. PITTS
KATHLEEN DARMAGNAC
ANNE B. MILLER
IOANA R. BURSON
SETH L. GORDON
CHRISTOPHER W. VINCENT
JIMMIE E. JOHNSON
CLARIZA GARCIA
JODIE STEINBERG
KATHERINE G. MORROW
JENNIFER L. BARBER-DUUS
DOMINIC S. RIPOLI
AMBER L. SMITH

OF COUNSEL
LOUIS A. LEONE

March 17, 2025

**VIA ELECTRONIC CASE FILING**
Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

  **Re: Regino v. Staley, et al., Case No. 23-16031**
    **Second FRAP Rule 28(j) Letter**

Dear Ms. Dwyer:

  Defendant-Appellee hereby brings to this Court's attention the Eleventh Circuit's recent decision in *Littlejohn v. School Board of Leon County*, __ F.4th __, 2025 WL 785143 (Mar. 12, 2025) (J. Rosenbaum).

  In the instant matter, the Chico Unified School District ("District") adopted a regulation which provides that District personnel shall accept a student's asserted gender identity, and not disclose that identity to parents without the student's consent. Appellee's Br., 6-12. Plaintiff-Appellant alleges that this policy infringes upon her parental rights to control the upbringing of her child, and the integrity of her family. Appellant's Br., 17-26.

  Similarly, in *Littlejohn*, the school board of Leon County, Florida ("Leon County") maintained a support guide directing its employees to use a student's requested name and gender pronouns without notifying parents absent student consent. 2025 WL 785143, *1-2. The parents of a Leon County student sued, alleging that various Leon County employees infringed upon their parental rights

and familial privacy by employing the guide's directions with their child.  *Id.*, *3-5.

Unlike the First Circuit's recent decision in *Foote v. Ludlow School Committee*, __ F.4th __, 2025 WL 520578 (Feb. 18, 2025), the Eleventh Circuit viewed the matter as an attack upon how school district employees implemented the guide's directions with the student in question, not a general attack upon the guide's directions, themselves.  Therefore, the *Littlejohn* court viewed the litigation as challenging "executive" action rather than a "legislative" enactment.  2025 WL 785143, *7-8 & n. 8.  In connection therewith, the *Littlejohn* court determined that the parents, to prevail, were required to prove that the executive action "shock[ed] the conscience" – rejecting the parents' contention that *United States v. Salerno*, 481 U.S. 739, 746 (1987) provided that an executive action violated due process if it *either* "shock[ed] the conscience" *or* interfered with a right "implicit in the concept of ordered liberty.  *Id.* at *4-9 & n. 7.  Using this analysis, the *Littlejohn* court ultimately held that the alleged conduct did not "shock the conscience" as it was not intended to injure, and because acts of "deliberate indifference" did not meet the requisite standard.  *Id.* at *9-10.

                                                  Very truly yours,

                                                  JIMMIE E. JOHNSON, ESQ.
                                                  *Attorneys for Defendant-Appellee*
                                                  KELLY STALEY

Word Count: 350